IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| AGRIFUND, LLC. <br> PLAINTIFF, <br> <br> v. <br> <br> BF FARM ENTERPRISES, LLC, AND <br> BARRY FLONNORY, <br> DEFENDANTS | Civil Action <br> File No: 4:20-cv-00159-RSB-CLR |

## AMENDED CONSENT JUDGMENT

COMES NOW, Plaintiff, Agrifund, LLC, having filed its Complaint on July 20, 2020 [Doc. 1] related to indebtedness under a Demand Promissory Note and Agricultural Security Agreement; the parties, by and through undersigned counsel, having agreed to a resolution of the issues; the Court having considered same, it is therefore, hereby

ORDERED, that the terms of this Order in the above styled action are hereby entered on the merits of this case and according to said terms and conditions hereof it is further Ordered as follows:

1.

Plaintiff shall have Judgment against the Defendants, jointly and severally, in the amount of $469,370.46, as of August 26, 2020, plus per diem interest calculated at 10.1% per annum and additional per diem default rate interest calculated at 6% interest per annum pursuant to the Contract between and among the parties, plus 15%

attorney's fees in the amount of $70,405.56, plus costs of this action in the amount of $400.00 for a for a total Judgment awarded to Plaintiff, as against Defendants, in the amount of $540,176.02 as of August 26, 2020.

2.

Notwithstanding the foregoing, pursuant to the Settlement Agreement attached hereto as Exhibit "1" and incorporated herein by reference, with time being of the essence and the terms hereof being strictly construed, the Defendants shall pay or cause to be paid, the sum of $315,000.00 on or before December 1, 2020. All payments made pursuant to this section 2 shall include interest to be calculated at 10% per annum on any unpaid balance starting with the date hereof. Any Writ of Execution entered in accordance with paragraph 3 hereof shall be issued at the contract rate of interest on any unpaid balance.

In addition, said Defendants will pay or cause to be paid the full amount of any funds received pursuant to Agriculture Risk Coverage ("ARC") and Price Loss Coverage ("PLC") that are received or paid pursuant to coverage related to the 2019 crop year. The Defendants shall also pay or cause to be paid any award which represent the proceeds won from any arbitration proceedings now existing or based on any facts which may now exist which give rise to any arbitration. The Defendants shall pursue any such arbitration claims in good faith and on a timely basis. In any event, the Defendants' timely payment of funds, regardless of the source, shall never exceed the indebtedness plus 10.1% interest and actual attorney's fees.

The Defendants shall further pay or cause to be paid any remaining amount of the indebtedness, plus the actual attorney's fees and costs on or before December 1, 2021. Said actual attorney's fees shall be determined by Agrifund, LLC, in its sole discretion, based on actual fees and costs charged to Agrifund, LLC related to this matter. Defendants shall have the right to request copies of invoices to evidence the actual amount of attorney's fees and costs charged to Agrifund, LLC related to this matter. The Defendants may prepay the indebtedness as described in the instant section 2 at any time without prepayment penalty.

All payments to be made hereunder shall be paid in good and sufficient funds, made payable to Agrifund, LLC and delivered to Agrifund, LLC d/b/a Ag Resource Management, 111 E. Washington Street, Thomasville, Georgia 31792. Said payments shall be paid on or before their respective due dates. The Defendants shall strictly comply with the terms hereof, time being of the essence, with the terms of the instant Consent Judgment to be strictly construed.

3.

In the event there is any default in the payment as set forth hereinabove or any default in the other terms and conditions hereof as set forth herein, Plaintiff may file and serve an Affidavit on Defendants' counsel, which describes the default and specifies the dollar amount alleged to be in default (hereinafter, "Plaintiff's Default Affidavit"), which will allow credit for payments made hereunder. Defendants shall have 10 days from service of any such Plaintiff's Default Affidavit within which to

file a Counter Affidavit disputing only whether or not Defendants have paid the sums pursuant to Paragraph 2 above. Should the Defendants fail to file and serve such Counter Affidavit then Plaintiff shall be entitled to a Writ of Execution pursuant to letter request to Clerk in the amounts as described in Paragraph 1 hereinabove less any amount that may have been paid since the date of the instant Order.

4.

In the event the Defendants file a Counter Affidavit, Defendants may only contest the allegations regarding the fact of default and the dollar amount alleged due. In the event such Defendants' Counter Affidavit is filed and served within the 10 day period specified herein, the Court will conduct a Non-Jury Hearing limited to whether or not an event of default under the instant Consent Judgment has occurred, and if so, the balance due. In the event the Defendants file a Counter Affidavit, the only defenses which can be asserted are the fact of default and payment. All parties agree that the Court may conduct a Non-Jury hearing regarding said Affidavit issues on an expedited basis consistent with the Court's schedule. Should the Court find the Plaintiff's Default Affidavit to be indisputable, then a Writ of Execution may be requested according to the terms hereto. If any Writ of Execution is entered, it shall contain the amounts described in paragraph 1 hereinabove, less any sums which may have been paid since the date of the instant Judgment.

5.

Except for the terms of the instant Order, all claims of Plaintiff against Defendants and all claims of Defendants against Plaintiff, arising from the subject matter of this Complaint are hereby released.

6.

Should the Defendants satisfy their payment obligations as described hereinabove, then no Writ of Execution shall be issued.

IT IS SO ORDERED, this the 17th day of November, 2020.

R. Stan Baker, Judge,
United States District Court

Prepared by and Consented to:

David M. Wolfson
Attorney for Plaintiff
1010 Williams Street
Valdosta, Georgia 31601
(229) 257-0080 - telephone
(229) 257-0086 - facsimile
banklaw@bellsouth.net - email
State Bar No: 773395

Consented to:

Douglas H. Dean
Attorney for Defendants
P.O. Box 5005
Cordele, Georgia 31010
(229) 271-9323 - telephone
(229) 271-9324 - fax
douglas.dean@lawsonreidlaw.com - email
State Bar No: 130988